FILED: MARCH 20, 2008
08CV1629                    CEM
JUDGE BUCKLO
MAGISTRATE JUDGE ASHMAN

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| L.A. Tan Enterprises, Inc., an Illinois corporation, | ) Case No._____ |
| | ) |
| Plaintiff, | ) Complaint for: |
| | ) |
| vs. | ) (1) Trademark Infringement Under |
| | ) Federal Law |
| Sunset Tan Corporate & Consulting, LLC, a | ) (2) Violation of Lanham Act §43(a) |
| California limited liability company; | ) (3) Trademark Dilution Under Federal Law |
| LA Sunset Tan, LLP, a California limited | ) (4) Violation of Anticybersquatting |
| liability partnership; Jeff Bozz, an Individual; | ) Consumer Protection Act |
| Devin Haman, an Individual; and DOES 1 through | ) (5) Trademark Dilution Under Illinois Law |
| 10, inclusive, | ) (6) Common Law Trademark and Trade |
| | ) Name Infringement |
| Defendants. | ) (7) Unfair Competition Under Illinois Law |
| | ) (8) Common Law Unfair Competition |
| | ) |

Plaintiff L.A. Tan Enterprises, Inc. ("L.A. Tan" or "Plaintiff") hereby alleges as follows:

**PARTIES**

1.      Plaintiff L.A. Tan Enterprises, Inc., is an Illinois corporation with its principal place of

business in Lincolnwood, Illinois.

2.      Upon information and belief, Defendant Sunset Tan Corporate & Consulting, LLC

("Sunset Tan") is a California limited liability company with its principal place of business at

12400 Wilshire Boulevard, #1300, Los Angeles, California 90025.  See Exhibit 1 attached

herein.

3.      Upon information and belief, Defendant LA Sunset Tan, LLP ("LA Sunset Tan") is a

California limited liability partnership with its principal place of business at 12400 Wilshire

Boulevard, #1300, Los Angeles, California 90025.

4.      Upon information and belief, Defendant Jeff Bozz, ("Bozz") is a California resident with

an address at 2609 Devista Place, Los Angeles, California 90046.  See Exhibit 1 attached herein.

5.    Upon information and belief, Defendant Devin Haman ("Haman") is a California resident with an address at 8564 Hollywood Boulevard, West Hollywood, California 90069.  See Exhibit 1 attached herein.

6.    L.A. Tan is not aware of the true names and capacities of the Defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said Defendants.  Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named Defendants when their identities are ascertained.

7.    L.A. Tan is informed and believes, and thereon alleges, that Defendants and each of the fictitiously named Doe Defendants (collectively "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by L.A. Tan as alleged hereinafter.  L.A. Tan is also informed and believes that, while participating in such acts, each Defendant was the agent of the other Defendants and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

8.    As described further below, Defendants conduct business in the greater Chicago, Illinois area.

## JURISDICTION AND VENUE

9.    This action arises, in part, under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq*.  This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1338 (trademark claims), 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. §1367 (supplemental jurisdiction).  The amount in controversy exceeds $75,000.00

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 1400 because a substantial part of the events giving rise to the claims occurred in this District.  More specifically, Defendants conduct ordinary business activities in this District, including advertising and promoting products and services on television and the Internet in this District and soliciting franchisees for tanning salons in this District.  Moreover, several of the products and services promoted by Defendants are promoted with trademarks that infringe on L.A. Tan's intellectual property rights, giving rise to the Counts found below.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

I.      **L.A. TAN'S PRODUCTS, SERVICES AND TRADEMARK RIGHTS**

11.     L.A. Tan is a tanning salon franchise that markets and sells tanning salon services and related goods and services.

12.     L.A. Tan has marketed and sold tanning salon services and related goods and services since the 1990s.

13.     L.A. Tan maintains over 100 storefronts in the United States and is actively expanding its operations to include more storefronts.

14.     L.A. Tan has used numerous trademarks in commerce, several of which are registered with the United States Patent and Trademark Office (hereinafter "USPTO").  These marks (hereinafter "the L.A. TAN marks") include, but not limited to, the mark L.A. TAN (Registration No. 2965503) for use in connection with tanning salon services; L.A. TAN and design (Registration No. 2939122) for use in connection with tanning salon services; DO YOU LIKE IT DEEP & DARK? COME TO … L.A. TAN (Registration No. 2916609) for use in connection with tanning salon services; and YOU ONLY LIVE ONCE! LOOK GOOD TODAY … FEEL

GOOD TODAY! GET TANNED AT … L.A. TAN (Registration No. 2916610) for use in connection with tanning salon services. See Exhibit 2 attached herein.

15.    L.A. Tan has and continues to invest substantial sums of resources advertising and maintaining the L.A. Tan marks, which are extremely valuable components of L.A. Tan's business.

16.    With its success and the strength of its marks, L.A. Tan is and will continue to expand its operations and its number of storefronts.

## II.    DEFENDANTS' WILLFUL EFFORTS TO MISAPPROPRIATE THE GOODWILL OF L.A. TAN'S MARKS

17.    Defendants market and sell tanning salon services and related goods and services.

18.    On information and belief, Defendants began use of the marks LA SUNSET TAN, LA SUNSET TAN PRODUCTIONS and LA SUNSET TAN PRODUCTIONS A HAMAN & BOZZ PRODUCTION (hereinafter "the LA Sunset Tan marks") after L.A. Tan established its rights to the L.A. TAN marks and after L.A. Tan gave constructive notice of its rights by virtue of its applications for registration with the USPTO and by virtue of receiving the ensuing registrations.  See Exhibit 3 attached herein.  In any event, Defendants first used the LA Sunset Tan marks no earlier than their admitted date of 2003.  See Exhibit 4 attached herein.

19.    Defendants had actual notice of L.A. Tan's rights to the L.A. TAN marks no later than June 25, 2007, when the USPTO cited Plaintiff's above stated trademark registrations and two applications in an Office Action issued against Defendants' application for registration of the mark LA SUNSET TAN. See Exhibit 5 attached herein.

20.     Defendants failed to cease use of the LA Sunset Tan mark and abandon said application, electing instead to file a response denying any likelihood of confusion between the LA Sunset Tan mark and Plaintiff's L.A. TAN marks.  See Exhibit 6 attached herein.

21.     The USPTO Examiner maintained his objection, found Defendants' arguments unpersuasive, and maintained the refusal of registration of the mark LA SUNSET TAN for use in connection with tanning salons.  See Exhibit 7 attached herein.

22.     Defendants' application for registration of the LA SUNSET TAN mark was suspended until further notice in light of Plaintiff's pending application for registration of the mark GET LUCKY AT L.A. TAN (Serial No. 76652203).  See Exhibit 7 attached herein.

23.     Plaintiff continues to revive its application for registration of the mark GET LUCKY AT L.A. TAN.

24.     Despite actual knowledge of Plaintiff's right to the L.A. TAN marks no later than June 25, 2007, Defendants filed applications for registration of the marks LA SUNSET TAN PRODUCTIONS and LA SUNSET TAN PRODUCTIONS A HAMAN & BOZZ PRODUCTION on December 4, 2007 and January 16, 2008, respectively; both for use in connection with tanning salon services.

25.     The marks LA SUNSET TAN PRODUCTIONS and LA SUNSET TAN PRODUCTIONS A HAMAN & BOZZ PRODUCTION contain the root term "La Sunset Tan" which the USPTO has and continues to state causes a likelihood of confusion with Plaintiff's above cited registrations.

26.     The terms "Productions" and "Productions A Haman & Bozz Production", as found in the marks LA SUNSET TAN PRODUCTIONS and LA SUNSET TAN PRODUCTIONS A HAMAN & BOZZ PRODUCTION, are merely descriptive.

27.     On information and belief, Defendants sought to capitalize on Plaintiff's substantial marketing and investment efforts and to take advantage of the tremendous goodwill associated with the L.A. TAN marks and Plaintiff's tanning salon services.

28.     On information and belief, Defendants filed one or more of the LA Sunset Tan marks for registration as part of a scheme to usurp L.A. Tan's name, goodwill and reputation.

29.     On information and belief, Defendants were aware of Plaintiff's trademark rights when they began use of the LA SUNSET TAN mark, which was no earlier than 2003.

30.     On information and belief, Defendants willfully filed and prosecute their applications for the LA Sunset Tan marks in an attempt to trade off of Plaintiff's marks, and, in doing so, either made material misrepresentations, withheld relevant information, and/or took other unlawful or unauthorized acts against the USPTO.

31.     Defendants have infringed upon Plaintiff's above cited marks by purposefully and willfully using one or more of the La Sunset Tan marks in connection with tanning salon services and related goods and services in stores operated by Defendants, their agents or their franchisees.

32.     Defendants have infringed upon Plaintiff's above cited marks by purposefully and willfully using one or more of the La Sunset Tan marks in connection with tanning salon services and related goods and services on national and international television, including in a television series broadcast on the E Network, including in the Northern District of Illinois.

33.     Upon information and belief, the television show Defendants use their mark in is believed to be titled "Sunset Tan".

34.     Defendants have infringed upon Plaintiff's above cited marks by purposefully and willfully using one or more of the La Sunset Tan marks in connection with tanning salon services

and related goods and services on the Internet, including on the websites www.lasunsettan.com and www.sunsettan.com.

35.    Defendants have infringed upon Plaintiff's above cited marks by purposefully and willfully using one or more of the La Sunset Tan marks while recruiting potential franchisees for tanning salon stores, including potential franchisees in the Northern District of Illinois.

36.    The natural, probable and foreseeable result of the wrongful conduct of Defendants has been to deprive Plaintiff of business and goodwill and to dilute the distinctive quality of Plaintiff's marks.

37.    Plaintiff is informed and believes that it has and will continue to be damaged as a result of Defendants' wrongful conduct.

38.    Defendants' have been unjustly enriched by their use and marketing of marks that infringe on Plaintiff's trademark rights.

39.    Upon information and belief, there is more than one instance of actual confusion among consumers between the origin of Defendants' goods/services sold in connection with the LA Sunset Tan marks and Plaintiff's goods/services sold in connection with the L.A. TAN marks.

### FIRST CLAIM FOR RELIEF

(Registered Trademark Infringement Under Federal Law)

40.    Plaintiff incorporates by reference Paragraphs 1 through 39 above as though fully set forth herein.

41.    In connection with its offering of tanning salon services, and since prior to the acts of Defendants complained of herein, and continuing to the present, Plaintiff has used numerous marks in interstate commerce in connection with the marketing, advertising and sale of tanning salon services and related goods and services.  The USPTO has granted federal trademark

registration to Plaintiff for, among other marks, the marks L.A. TAN (Registration No. 2965503) for use in connection with tanning salon services; L.A. TAN and design (Registration No. 2939122) for use in connection with tanning salon services; DO YOU LIKE IT DEEP & DARK? COME TO … L.A. TAN (Registration No. 2916609) for use in connection with tanning salon services; and YOU ONLY LIVE ONCE! LOOK GOOD TODAY … FEEL GOOD TODAY! GET TANNED AT … L.A. TAN (Registration No. 2916610) for use in connection with tanning salon services.

42.     The marks are inherently distinctive.  In the alternative, because of Plaintiff's extensive use of the marks, these marks have acquired considerable value and have become extremely well known to the consuming public as identifying and distinguishing Plaintiff as the source of services and products to which the marks are applied.

43.     Notwithstanding Plaintiff's rights in the marks, and with notice of Plaintiff's federal registration rights, Defendants have in the past and will continue to advertise, distribute and sell services and products containing imitations of Plaintiff's marks, including on national and internationally broadcast television and on the Internet.

44.     Plaintiff has never authorized or consented in any way to Defendants' use of the LA Sunset Tan marks, which are likely to cause confusion with Plaintiff's L.A. TAN marks.

45.     Defendants' conduct is the result of willful and wanton disregard of Plaintiff's established and superior rights.  Defendants adopted and continue to use marks that infringe on Plaintiff's marks with knowledge of Plaintiff's superior rights.  Upon information and belief, Defendants have willfully intended to trade on Plaintiff's goodwill and reputation and cause dilution of Plaintiff's marks.

46.    Defendants' unauthorized use of the LA Sunset Tan marks constitutes trademark infringement and causes a likelihood of confusion, deception and mistake with Plaintiff's above cited registered marks among the consuming public and trade.

47.    Upon information and belief, there is more than one instance of actual confusion among consumers between the origin of Defendants' goods/services sold in connection with the LA Sunset Tan marks and Plaintiff's goods/services sold in connection with the L.A. TAN marks.

48.    Defendants' unauthorized use of the LA Sunset Tan marks causes irreparable injury to Plaintiff, including injury to its business reputation and dilution of the distinctive quality of Plaintiff's marks.

49.    By reason of the foregoing, Defendants have violated and continue to violate 15 U.S.C. §1114.

50.    Plaintiff has no adequate remedy at law for these injuries.  Moreover, unless Defendants are restrained by this Court from continuing this infringement of Plaintiff's marks, these injuries will continue to occur.  Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in such further acts in violation of 15 U.S.C. §1114.

51.    Plaintiff requests to recover from Defendants treble its damages, including reasonable attorneys' fees and costs, as this is an exceptional case, that it has sustained and will sustain, and an increase of any gains, profits and advantages obtained by Defendants as a result of Defendants' willful acts of infringement.  Plaintiff is at present unable to ascertain the full extent of the monetary damages suffered by reason of Defendants' acts and Defendants' profits, but Plaintiff believes, and on the basis of such belief, alleges that Plaintiff has sustained damages and Defendants have accrued profits in an amount exceeding $500,000.00.

## SECOND CLAIM FOR RELIEF

(Violation of Lanham Act §43(a))

52.    Plaintiff incorporates by reference Paragraphs 1 through 51 above as though fully set forth herein.

53.    Plaintiff has, for many years, used in interstate commerce distinctive marks.  Plaintiff's L.A. TAN marks are distinctive and are protected under Lanham Act § 43(a).

54.    Plaintiff's L.A. TAN marks are inherently distinctive, or in the alternative have acquired secondary meaning, whereby the trade and the consuming public associate these marks with Plaintiff.

55.    Defendants' LA Sunset Tan marks are very similar to Plaintiff's L.A. TAN marks.

56.    Defendants' use of the LA Sunset Tan marks has and will continue to cause the public and the trade confusion and mistake and violates Lanham Act § 43(a), 15 U.S.C. §1125(a).

57.    Defendants' use of the LA Sunset Tan marks has and will continue to deceive the public and trade as to an affiliation or association between Defendants and Plaintiff.

58.    Upon information and belief, Defendants are palming off their tanning salon services and related goods and services as those of Plaintiff.

59.    Defendants' conduct is the result of willful and wanton disregard of Plaintiff's established and superior rights.  Defendants adopted and continue to use the LA Sunset Tan marks, which are very similar to Plaintiff's L.A. TAN marks, with actual knowledge of Plaintiff's superior rights and without authorization.

60.    Upon information and belief, Defendants have willfully intended to trade on Plaintiff's goodwill and reputation and cause dilution of Plaintiff's famous L.A. TAN marks and name.

61.    Plaintiff has and will continue to suffer irreparable injury as a result of Defendants' unlawful actions and have no adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in such further acts in violation of Lanham Act §43(a).

62.    Plaintiff requests to recover from Defendants treble its damages, including reasonable attorneys' fees and costs, as this is an exceptional case, that it has sustained and will sustain, and an increase of any gains, profits and advantages obtained by Defendants as a result of Defendants' willful acts in violation of Lanham Act § 43(a).  Plaintiff is at present unable to ascertain the full extent of the monetary damages suffered by reason of Defendants' acts and Defendants' profits, but Plaintiff believes, and on the basis of such belief, alleges that Plaintiff has sustained damages and Defendants have accrued profits in an amount exceeding $500,000.00.

## THIRD CLAIM FOR RELIEF

(Federal Trademark Dilution)

63.    Plaintiff incorporates by reference Paragraphs 1 through 62 above as though fully set forth herein.

64.    Plaintiff's name and the L.A. TAN marks are famous under 15 U.S.C. §1125(c).

65.    Defendants' commercial misappropriation of Plaintiff's famous name and marks began after Plaintiff's name and marks became famous.  Defendants' conduct causes and will continue to cause a likelihood of dilution of Plaintiff's L.A. TAN marks.

66.    Upon information and belief, Defendants' conduct is the result of willful and wanton disregard of Plaintiff's established and superior rights.  Defendants adopted and continue to use

marks likely to cause dilution to Plaintiff's L.A. TAN marks with knowledge of Plaintiff's superior rights and without authorization.

67.    Upon information and belief, Defendants have willfully attempted to tarnish and/or blur Plaintiff's L.A. TAN marks by using and adopting the LA Sunset Tan marks.

68.    Plaintiff has suffered and will continue to suffer irreparable injury as a result of Defendants' unlawful actions and have no adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in such further acts in violation of 15 U.S.C. §1125(c).

69.    Plaintiff requests to recover from Defendants treble its damages, including reasonable attorneys' fees and costs, as this is an exceptional case, that it has sustained and will sustain, and an increase of any gains, profits and advantages obtained by Defendants as a result of Defendants' willful acts of dilution.  Plaintiff is at present unable to ascertain the full extent of the monetary damages suffered by reason of Defendants' acts and Defendants' profits, but Plaintiff believes, and on the basis of such belief, alleges that Plaintiff has sustained damages and Defendants have accrued profits in an amount exceeding $500,000.00.

## FOURTH CLAIM FOR RELIEF

(Violation of Federal Anticybersquatting Consumer Protection Act)

70.    Plaintiff incorporates by reference Paragraphs 1 through 69 above as though fully set forth herein.

71.    Upon information and belief, in or around October 2005, Defendants registered the Internet domain name www.sunsettan.com, which contained and continues to contain uses of the LA Sunset Tan marks, with the bad faith intent to profit from the famousness and strength of Plaintiff's L.A. TAN marks. See Exhibit 1 attached herein.

72.    Upon information and belief, in or around March 2007, Defendants registered the Internet domain name www.lasunsettan.com with the bad faith intent to profit from the famousness and strength of Plaintiff's L.A. TAN marks.  See Exhibit 1 attached herein.

73.    Upon information and belief, and at all relevant times, Defendants were aware of Plaintiff's preexisting and superior rights in the L.A. TAN marks, including at the time they registered the www.sunsettan.com and www.lasunsettan.com domain names.

74.    Defendants' registered domain names, www.lasunsettan.com, is confusingly similar to Plaintiff's distinctive and famous L.A. TAN marks and is dilutive of Plaintiff's L.A. TAN marks.

75.    At this time, entering the domain www.lasunsettan.com into a URL directs users to the www.sunsettan.com homepage.

76.    Upon information and belief, and at all relevant times, Defendants were aware of Plaintiff's preexisting registration for the domain name www.latan.com, which was created in 1998, when they registered the www.sunsettan.com and www.lasunsettan.com domain names.

77.    Upon information and belief, Defendants registered their www.lasunsettan.com domain name in an attempt to divert customers away from Plaintiff.

78.    By their acts alleged herein, Defendants have no valid right to use the domain name www.lasunsettan.com and, as a result, the domain name should be cancelled or forfeited to Plaintiff pursuant to 15 U.S.C. §1125(d).

79.    Plaintiff requests this court enter an order awarding Plaintiff its damages and Defendants' profits accrued in connection with Defendants' violation of 15 U.S.C. § 1125(d).  In addition, Plaintiff reserves its right pursuant to 15 U.S.C. §1117(d) to seek statutory damages in the amount of $100,000.00 instead of actual damages and profits.

## FIFTH CLAIM FOR RELIEF

(Trademark Dilution Under Illinois Law)

80.     Plaintiff incorporates by reference Paragraphs 1 through 79 above as though fully set forth herein.

81.     This is an action for trademark dilution arising under 765 ILCS §1036/65.

82.     Plaintiff owns the registered L.A. TAN marks and has used the marks in commerce since prior to the Defendants' acts complained of herein.

83.     By virtue of the great sums of money and extensive time and resources Plaintiff has expended in using, advertising, and promoting the L.A. TAN marks, Plaintiff has made the marks famous.

84.     Plaintiff has obtained an abundance of valuable goodwill in the tanning salon and related industries and among Illinois residents in connection with the L.A. TAN marks.

85.     Upon information and belief, Defendants are intentionally and willfully diluting the distinctive quality of Plaintiff's L.A. TAN marks by advertising and selling tanning salon services and related products and services in connection with their LA Sunset Tan marks.

86.     Defendants' advertising and sale of tanning salon services and related products and services and their promotional materials used in connection with the LA Sunset Tan marks, which are substantially similar to Plaintiff's L.A. TAN marks, cause dilution to the distinctive quality of Plaintiff's famous marks. Consumers will likely confuse Defendants products as being endorsed, sponsored or affiliated with Plaintiff, all to the detriment of Plaintiff.

87.     Defendants' acts of dilution began after Plaintiff's L.A. TAN marks became famous.

88.     By virtue of Defendant's dilution of Plaintiff's famous L.A. TAN marks in violation of Illinois' dilution statute, Plaintiff requests an injunction to issue restraining Defendants and all others in concert and privity with them from further diluting the L.A. TAN marks.  Plaintiff

14

requests that Defendants be required to pay to Plaintiff treble the Defendants' profits and treble the actual damages suffered by Plaintiff as a result of Defendants' willful acts committed with knowledge, which is believed to be in excess of $500,000.00. Plaintiff requests that Defendants be compelled to pay Plaintiff's reasonable attorneys' fees together with all costs of this suit, as this is an exceptional case, and such other and further relief as may be just and equitable.

## SIXTH CLAIM FOR RELIEF

(Common Law Trademark and Trade Name Infringement)

89.    Plaintiff incorporates by reference Paragraphs 1 through 88 above as though fully set forth herein.

90.    By their acts alleged herein, Defendants have infringed Plaintiff's common law rights in their distinctive name and L.A. TAN marks and has used the goodwill of Plaintiff to sell Defendants' products and services.

91.    The acts of Defendants alleged herein infringe Plaintiff's common law rights in the L.A. TAN marks and constitutes common law trade name and trademark infringement.

92.    Plaintiff has no adequate remedy at law for these injuries. Unless Defendants are restrained by this court from continuing the infringement and unauthorized use of the LA Sunset Tan marks, these injuries will continue to occur.

93.    Plaintiff requests to recover from Defendants treble the damages, including reasonable attorneys' fees and costs, as this is an exceptional case, it has and will sustain along with an increase of any gains, profits and advantages obtained by Defendants as a result of Defendants' willful acts. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff but Plaintiff is informed and believes, and on the basis of such

information and belief, alleges, that Plaintiff has been damaged and that Defendants have

obtained gains, profits and advantages in an amount exceeding $500,000.00.

**SEVENTH CLAIM FOR RELIEF**

 (Violation of Illinois Uniform Deceptive Trade Practices Act and Statutory Unfair Competition)

94.     Plaintiff incorporates by reference Paragraphs 1 through 93 above as though fully set

forth herein.

95.     This is an action for violation of the Illinois Deceptive Trade Practices Act and for

Statutory Unfair Competition arising under 815 ILCS §§ 510, et seq.

96.     The Defendants' conduct as alleged herein constitutes violations of the Illinois Uniform

Deceptive Trade Practices Act in that such acts were and continue to be unlawful, unfair and

deceptive trade practices and were done with the intent that others rely on the deceptive acts of

Defendants.

97.     By virtue of using the LA Sunset Tan marks, which are substantially similar to Plaintiff's

Federal registered L.A. TAN marks, in connection with the advertising, promoting, and sale of

tanning salon services and related goods and services, Defendants have willfully caused a

likelihood of confusion as to the source of Defendants' goods and services, Defendants have

falsely represented their goods and services as originating with or otherwise being connected to

or sponsored, endorsed or authorized by Plaintiff.

98.     As a direct result and proximate cause of Defendants' wrongful acts, Plaintiff has

suffered damage including dilution, loss of goodwill, likelihood of confusion of consumers,

actual confusion, injury to reputation and dimunition in the value of Plaintiff's L.A. TAN marks.

16

99.    Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief restraining Defendants and all persons acting in concert with them from engaging in such further unlawful conduct.

100.    Plaintiff requests to recover from Defendants damages, reasonable attorneys' fees and costs, as this is an exceptional case, that it has and will sustain along with any gains, profits and advantages obtained by Defendants as a result of Defendants' willful acts.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff but Plaintiff is informed and believes, and on the basis of such information and belief, alleges, that Plaintiff has been damaged and that Defendants have obtained gains, profits and advantages in an amount exceeding $500,000.00.

## EIGHTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

101.    Plaintiff incorporates by reference Paragraphs 1 through 100 above as though fully set forth herein.

102.    This Count arises under the Illinois common law of unfair competition.

103.    By virtue of using the LA Sunset Tan marks, which are substantially similar to Plaintiff's Federal registered L.A. TAN marks, in connection with the advertising, promoting, and sale of tanning salon services and related goods and services, Defendants have falsely represented their goods and services as originating with or otherwise being connected to or sponsored, endorsed or authorized by Plaintiff.

104.    Upon information and belief, Defendants have willfully and intentionally committed these acts for the purpose of obtaining for itself the business and customers of Plaintiff.

105.    Defendants' willful and intentional acts constitute unfair trade practices in violation of the Illinois common law of unfair competition.

106.    Defendants' willful and intentional acts have and continue to cause Plaintiff to suffer great damage to its business, reputation and goodwill.

107.    By virtue of Defendants' willful and intentional acts of unfair competition in violation of the common law, Plaintiff requests injunctive relief restraining Defendants and all others in concert and privity with them from using the LA Sunset Tan marks or any appropriation thereof in connection with the sale of tanning salon services and related goods and services.  Plaintiff requests that Defendants be required to pay to Plaintiff the Defendants' profits and the actual damages suffered by Plaintiff as a result of Defendants' acts, which is believed to be in excess of $500,000.00.  Plaintiff requests that Defendants be compelled to pay Plaintiff's reasonable attorney's fees, as this is an exceptional case, together with all costs of this suit and such other and further relief as may be just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For temporary, preliminary and permanent injunctive relief against Defendants, prohibiting Defendants, their agents, or anyone working for, in concert with or on behalf of Defendants from infringing or diluting Plaintiff's L.A. TAN marks and/or violating Lanham Act §43(a).

2.    That Defendants be required to deliver to the Court for impoundment and destruction all materials that infringe or dilute Plaintiff's L.A. TAN marks and/or violate Lanham Act § 43(a).

3.    That Defendants cancel and never again register, or transfer to Plaintiff, the domain name www.lasunsettan.com.

4.      That Defendants pay to Plaintiff increased and treble damages Plaintiff sustained in consequence of Defendants' acts complained of herein.

5.      That Defendants pay to Plaintiff an increase of all profits, gains and advantages obtained by Defendants as a consequence of Defendants' acts complained of herein.

6.      That Defendants pay to Plaintiff increased and treble damages and increased profits, gains and advantages for their infringement of Plaintiff's Federal registered L.A. TAN marks and for their violation of Lanham Act § 43(a).

7.      That Plaintiff recover its costs and reasonable attorneys' fees as this is an exceptional case.

8.      That Plaintiff recover punitive damages from Defendants.

9.      That Defendants' pending trademark applications for the LA Sunset Tan marks be denied.

10.     That Plaintiff have such other and further relief as the court finds just and appropriate.

Dated: March 20, 2008

Respectfully submitted,

/s/ Amir Mohabbat

Amir Mohabbat
The Chicagoland & Suburban Law Firm, P.C.
Attorney Number 6286891
248 South Marion Street
Suite #104
Oak Park, Illinois 60302
Telephone: (815) 501-1345
Facsimile: (708) 386-9727

Attorney for Plaintiff.

08CV1629   CEM
JUDGE BUCKLO
MAGISTRATE JUDGE ASHMAN

EXHIBIT 1

# California Business Portal

## Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of Jan 25, 2008 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| SUNSET TAN CORPORATE & CONSULTING LLC | | |
| **Number:** 200735410115 | **Date Filed:** 12/18/2007 | **Status:** active |
| **Jurisdiction:** CALIFORNIA | | |
| **Address** | | |
| 12400 WILSHIRE BLVD #1300 | | |
| LOS ANGELES, CA 90025 | | |
| **Agent for Service of Process** | | |
| ROBERT L. KEHR | | |
| 12400 WILSHIRE BLVD #1300 | | |
| LOS ANGELES, CA 90025 | | |

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.



1-888-Register
http://www.register.com



The data contained in GoDaddy.com, Inc.\'s WhoIs database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy. This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden
without the prior written
permission of GoDaddy.com, Inc. By submitting an inquiry,
you agree to these terms of usage and limitations of warranty. In
particular,
you agree not to use this data to allow, enable, or otherwise make
possible,
dissemination or collection of this data, in part or in its entirety,
for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam. You further agree
not to use this data to enable high volume, automated or robotic
electronic
processes designed to collect or compile this data for any purpose,

including mining this data for your own personal or commercial

purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field. In most cases, GoDaddy.com, Inc.
is not the registrant of domain names listed in this database.


Registrant:
sunset tan
2609 devista place
los angeles, California 90046
United States

Registered through: GoDaddy.com, Inc.
(http://www.godaddy.com)
Domain Name: LASUNSETTAN.COM
Created on: 27-Mar-07
Expires on: 27-Mar-10
Last Updated on: 23-Jan-08

Administrative Contact:
Bozz, Jeff jeffbozz3@yahoo.com
sunset tan
2609 devista place
los angeles, California 90046
United States
(310) 795-3900

Technical Contact:
Bozz, Jeff jeffbozz3@yahoo.com
sunset tan
2609 devista place
los angeles, California 90046
United States
(310) 795-3900

Domain servers in listed order:
NS39.DOMAINCONTROL.COM
NS40.DOMAINCONTROL.COM


1-888-Register
http://www.register.com

# register.com®

**Take Your Office with You**



2005



LAPTOP



Readers Choice WINNER



IDC

## WHOIS RESULTS

Do another
WHOIS lookup

Backorder
this name

Search for your domain

www.                .com

e.g. mybrand.com    Go!

**Choose r.Protect** or hide

**Is the domain name you want below?**
We'll help you find a great alternative.

RESOURCES & SERVICES

Click here for a
printer-friendly version

The data contained in GoDaddy.com, Inc.'s WhoIs database, while believed by the company to be reliable, is provided "as is" with no guarantee or warranties regarding its accuracy. This

**Spend Less Time Fighting Traffic**



incorporate.com.

GoToMeeting
Web Conferencing
Made Easy

Whois Domain Name Lookup at Register.com | Find Who Registered a Website



information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of GoDaddy.com, Inc. By submitting an inquiry,
you agree to these terms of usage and limitations of warranty. In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam. You further agree
not to use this data to enable high volume, automated or robotic
electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field. In most cases, GoDaddy.com, Inc.
is not the registrant of domain names listed in this database.

Registrant:
Sunset Tan Corporate & Consulting LLC
8564 Hollywood Boulevard
West Hollywood, California 90069
United States

Registered through: GoDaddy.com, Inc. (http://www.godaddy.com)
Domain Name: SUNSETTAN.COM
Created on: 10-Oct-05
Expires on: 10-Oct-14
Last Updated on: 10-Jan-08

Administrative Contact:
Haman, Devin rich@carrknowledge.com
Sunset Tan Corporate & Consulting LLC

Whois Domain Name Lookup at Register.com | Find Who Registered a Website

8564 Hollywood Boulevard
West Hollywood, California 90069
United States
2155455200 Fax --

Technical Contact:
Haman, Devin rich@carrknowledge.com
Sunset Tan Corporate & Consulting LLC
8564 Hollywood Boulevard
West Hollywood, California 90069
United States
2155455200 Fax --

Domain servers in listed order:
NS3.MY-HELPDESK.NET
NS4.MY-HELPDESK.NET
NS5.MY-HELPDESK.NET
NS6.MY-HELPDESK.NET
NS7.MY-HELPDESK.NET

Click here for a
printer-friendly version

Do another            Backorder
WHOIS lookup          this name

http://www.register.com/whois info.rcmx?requestType=validate challenge

3/14/2008

EXHIBIT 2



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 14 04:11:05 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status |

## Typed Drawing

| | |
|---|---|
| **Word Mark** | L.A. TAN |
| **Goods and Services** | IC 044. US 100 101. G & S: TANNING SALON SERVICES. FIRST USE: 19930200. FIRST USE IN COMMERCE: 20030200 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76421271 |
| **Filing Date** | June 14, 2002 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 19, 2005 |
| **Registration Number** | 2965503 |
| **Registration Date** | July 12, 2005 |
| **Owner** | (REGISTRANT) Patel, Nimish INDIVIDUAL UNITED STATES 3775 W. Arthur Street Lincolnwood ILLINOIS 60712 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Prior Registrations** | 1689491;1692330;1705726 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TAN" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL-2(F) |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Case 1:08-cv-01629    Document 1-3    Filed 03/20/2008    Page 3 of 7



United States Patent and Trademark Office

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 14 04:11:05 EDT 2008*

[ TESS HOME ] [ NEW USER ] [ STRUCTURED ] [ FREE FORM ] [ BROWSE DICT ] [ SEARCH OG ] [ BOTTOM ] [ HELP ]

[ Logout ]  Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

[ TARR Status ] [ ASSIGN Status ] [ TDR ] [ TTAB Status ]



| | |
|---|---|
| **Word Mark** | L.A. TAN |
| **Goods and Services** | IC 044. US 100 101. G & S: TANNING SALON SERVICES. FIRST USE: 19980200. FIRST USE IN COMMERCE: 19980200 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 05.01.03 - Palm trees<br>05.01.10 - More than one tree or bush; thicket; group of trees; Thicket<br>27.03.04 - Plants forming letters or numerals |
| **Serial Number** | 76495217 |
| **Filing Date** | March 5, 2003 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | January 18, 2005 |
| **Registration Number** | 2939122 |
| **Registration Date** | April 12, 2005 |
| **Owner** | (REGISTRANT) Patel, Nimesh INDIVIDUAL UNITED STATES 9218 Nagle Avenue Morton Grove ILLINOIS 60053 |
| | (LAST LISTED OWNER) L.A. TAN ENTERPRISES, INC. CORPORATION 3775 W. ARTHUR STREET LINCOLNWOOD ILLINOIS 60712 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TAN" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |

**Register**          PRINCIPAL
**Live/Dead Indicator**   LIVE

TESS HOME    NEW USER    STRUCTURED    FREE FORM    BROWSE DICT    SEARCH OG    TOP    HELP

|.HOME ¦ SITE INDEX¦ SEARCH ¦ eBUSINESS ¦ HELP ¦ PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks** > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 14 04:11:05 EDT 2008*

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   BOTTOM   HELP

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status   ASSIGN Status   TDR   TTAB Status

## Typed Drawing

| | |
|---|---|
| **Word Mark** | DO YOU LIKE IT DEEP & DARK? COME TO ... L.A. TAN |
| **Goods and Services** | IC 044. US 100 101. G & S: TANNING SALON SERVICES. FIRST USE: 20030116. FIRST USE IN COMMERCE: 20030116 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76466321 |
| **Filing Date** | November 13, 2002 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 10, 2004 |
| **Registration Number** | **2916609** |
| **Registration Date** | January 4, 2005 |
| **Owner** | (REGISTRANT) Patel, Nimesh INDIVIDUAL UNITED STATES 9218 Nagle Avenue Morton Grove ILLINOIS 60053 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

**Trademarks** > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 14 04:11:05 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status |

## Typed Drawing

| | |
|---|---|
| **Word Mark** | YOU ONLY LIVE ONCE! LOOK GOOD TODAY ... FEEL GOOD TODAY! GET TANNED AT ... L.A. TAN |
| **Goods and Services** | IC 044. US 100 101. G & S: TANNING SALON SERVICES. FIRST USE: 20030116. FIRST USE IN COMMERCE: 20030116 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76466322 |
| **Filing Date** | November 13, 2002 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 10, 2004 |
| **Registration Number** | 2916610 |
| **Registration Date** | January 4, 2005 |
| **Owner** | (REGISTRANT) Patel, Nimesh INDIVIDUAL UNITED STATES 9218 Nagle Avenue Morton Grove ILLINOIS 60053 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

08CV1629  CEM
JUDGE BUCKLO
MAGISTRATE JUDGE ASHMAN

EXHIBIT 3

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Fri Mar 14 04:11:05 EDT 2008

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | BOTTOM | HELP

Logout *Please logout when you are done to release system resources allocated for you.*

Start List At:    OR    Jump to record:

# 3 Records(s) found (This page: 1 ~ 3)

Refine Search    (la sunset tan)[COMB]    Submit

Current Search: S8: (la sunset tan)[COMB] docs: 3 occ: 24

| | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead |
|---|---|---|---|---|---|
| 1 | 77373479 | | LA SUNSET TAN A HAMAN & BOZZ PRODUCTION | TARR | LIVE |
| 2 | 77343320 | | LA SUNSET TAN PRODUCTIONS | TARR | LIVE |
| 3 | 77119964 | | LA SUNSET TAN | TARR | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | TOP | HELP

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

**Trademarks** > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 14 04:11:05 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:          OR  Jump  to record:          **Record 3 out of 3**

| TARR Status | ASSIGN Status | TDR | TTAB Status |

# LA Sunset Tan

| | |
|---|---|
| **Word Mark** | LA SUNSET TAN |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Skin lotions; Sun care lotions; Sun tan lotion |
| | IC 044. US 100 101. G & S: Tanning salons |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77119964 |
| **Filing Date** | March 1, 2007 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Sunset Tan Corporate & Consulting, LLC LTD LIAB CO CALIFORNIA 10390 Santa Monica Blvd, Suite 310 Los Angeles CALIFORNIA 90025 |
| **Attorney of Record** | Lane Fisher |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Trademark Electronic Search System (TESS)

HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks** > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 14 04:11:05 EDT 2008*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:        OR  Jump  to record:        **Record 2 out of 3**

TARR Status   ASSIGN Status   TDR   TTAB Status

# LA Sunset Tan Productions

| | |
|---|---|
| **Word Mark** | **LA SUNSET TAN** PRODUCTIONS |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Body oils; Skin lotions; Sun tan gel; Sun tan lotion; Sun tan oil; Sun-tanning oils; Sun-tanning oils and lotions |
| | IC 044. US 100 101. G & S: Tanning salons |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77343320 |
| **Filing Date** | December 4, 2007 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Sunset Tan Corporate & Consulting, LLC LTD LIAB CO CALIFORNIA 10390 Santa Monica Blvd, Suite 310 Los Angeles CALIFORNIA 90025 |
| **Attorney of Record** | Lane Fisher |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Case 1:08-cv-01629   Document 1-4   Filed 03/20/2008   Page 6 of 8

| .HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks** > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Mar 14 04:11:05 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start  List At:          OR  Jump  to record:          **Record 1 out of 3**

| TARR Status | ASSIGN Status | TDR | TTAB Status |

# LA Sunset Tan A Haman & Bozz Production

| | |
|---|---|
| **Word Mark** | LA SUNSET TAN A HAMAN & BOZZ PRODUCTION |
| **Goods and Services** | IC 044. US 100 101. G & S: Tanning salons. FIRST USE: 20080116. FIRST USE IN COMMERCE: 20080116 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77373479 |
| **Filing Date** | January 16, 2008 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Sunset Tan Corporate & Consulting, LLC LTD LIAB CO CALIFORNIA 10390 Santa Monica Blvd, Suite 310 Los Angeles CALIFORNIA 90025 |
| **Attorney of Record** | Lane Fisher |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME ⋮ SITE INDEX⋮ SEARCH ⋮ eBUSINESS ⋮ HELP ⋮ PRIVACY POLICY

08CV1629    CEM
JUDGE BUCKLO
MAGISTRATE JUDGE ASHMAN

EXHIBIT 4

Welcome to LA Sunset Tan

2/11/2008



# LA SUNSET TAN
### A HAMAN & BOZZ PRODUCTION

**BE EVERYTHING YOU IMAGINE**

LOCATIONS  PRODUCTS & SERVICES  TV SHOW  Go SHOPPING

HOME  FRANCHISE LOGIN

IN THE NEWS  COMPANY  FRANCHISING  CONTACT

## SUNSET TAN REDEFINES THE BRONZE AGE

Sunset Tan's ultra modern sun spas are ushering in a new era of world-class, luxury tanning infused with sophisticated esthetics, state-of-the-art equipment and unparalleled pampering that allows clients to bask in the pleasures of the good life.

Owners Jeff Bozz and Devin Haman located prime real estate for their flagship in 2003. On the infamous Sunset Strip in the heart of Hollywood. The decor is evocative of a futuristic boudoir and plasma screen TVs, brushed steel walls, frosted glass doors, silk drapes, candles, and a custom designed water sculpture. "We wanted to set a new standard," says Bozz, "When people first walked in and said, 'Oh my God, this is a tanning salon?' we knew we'd struck the right chord."

While they originally planned to open a new salon each year, they discovered an ideal space directly across from Sport Club LA only five minutes after their initial launch. With no tanning in the immediate area, Bozz and Haman knew the opportunity was too good to pass by. The new location was so successful they turned a profit within the first month. Four months later they found their Studio City space and opened in January of 2005. Their fourth location, on Main Street in Santa Monica opened in the

COMPANY    HOME    FRANCHISEE LOGIN

DEVIN    JEFF    LARRY    MARC

http://www.sunsettan.com/

2/11/2008

©2008 LA Sunset Tan LLP, All Rights Reserved

Sunset Tan in HTML

Welcome to LA Sunset Tan

08CV1629   CEM
JUDGE BUCKLO
MAGISTRATE JUDGE ASHMAN

EXHIBIT 5

| **To:** | Sunset Tan Corporate & Consulting, LLC (lfisher@fisherzucker.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77119964 - LA SUNSET TAN - Sunset Tan |
| **Sent:** | 6/25/2007 9:09:57 AM |
| **Sent As:** | ECOM112@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:    77/119964

**MARK**: LA SUNSET TAN

# *77119964*

**CORRESPONDENT ADDRESS**:
LANE FISHER
FISHERZUCKER LLC
121 S BROAD ST STE 1200
PHILADELPHIA, PA 19107-4545

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT**:    Sunset Tan Corporate &
Consulting, LLC

**CORRESPONDENT'S REFERENCE/DOCKET
NO**:

Sunset Tan
**CORRESPONDENT E-MAIL ADDRESS**:
    lfisher@fisherzucker.com

# OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE**:

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE:  TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html:  (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis.  If any of these documents are filed on paper, they must be accompanied by a $50 per class fee.  37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i).  Telephone responses will not incur an additional fee.  NOTE:  In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee.  37 C.F.R. §2.23(a)(2).

The assigned examining attorney has reviewed the referenced application and determined the following.

## REFUSAL - LIKELIHOOD OF CONFUSION:

Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration Nos. **1689491, 1692330, 2916609, 2916610, 2939122 and 2965503**.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq.*  *See* the enclosed registrations.

Trademark Act Section 2(d) bars registration where an applied-for mark so resembles a registered mark that it is likely, when applied to the goods and/or services, to cause confusion, mistake or to deceive the potential consumer as to the source of the goods and/or services.  TMEP §1207.01.  The Court in *In re E. I. DuPont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973), listed the principal factors to consider in determining whether there is a likelihood of confusion.  Among these factors are the similarity of the marks as to appearance, sound, meaning and commercial impression, and the relatedness of the goods and/or services.  The overriding concern is to prevent buyer confusion as to the source of the goods and/or services.  *Miss Universe, Inc. v. Miss Teen U.S.A., Inc.*, 209 USPQ 698 (N.D. Ga. 1980).  Therefore, any doubt as to the existence of a likelihood of confusion must be resolved in favor of the registrant.  *In re Hyper Shoppes (Ohio), Inc.,* 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); *Lone Star Mfg. Co. v. Bill Beasley, Inc.,* 498 F.2d 906, 182 USPQ 368 (C.C.P.A. 1974).

A likelihood of confusion determination requires a two-part analysis.  First the marks are compared for similarities in appearance, sound, connotation and commercial impression.  *In re E. I. DuPont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973).  Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely.  *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); *In re Int'l Tel. and Tel. Corp.,* 197 USPQ 910 (TTAB 1978); *Guardian Prods. Co., v. Scott*

*Paper Co.*, 200 USPQ 738 (TTAB 1978); TMEP §§1207.01 *et seq.*
Further, when determining whether there is a likelihood of confusion under Section 2(d), the question is not whether people will confuse the marks, but rather whether the marks will confuse the people into believing that the goods or services they identify emanate from the same source. *In re West Point-Pepperell, Inc.*, 468 F.2d 200, 175 USPQ 558 (C.C.P.A. 1972). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *Visual Information Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b). Additionally, the goods and services of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing are such that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods and services come from a common source. *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

The applicant has requested registration of the mark **LA SUNSET TAN**, for "Skin lotions; Sun care lotions; Sun tan lotion"; "tanning salons." The registrants' marks are **L.A. TAN**, for "skin care preparations; namely, sun tan lotions, gels, and oils; sun tan accelerator lotions and gels; sun blockers; sunless tan lotions, and moisturizers"; **LA TAN and design**, for "skin care preparations; namely, sun tan lotions, gels, and oils; sun tan accelerator lotions and gels; sun blockers; sunless tan lotions, and moisturizers"; **LA TAN**, for "tanning salon services"; **DO YOU LIKE IT DEEP & DARK? COME TO ... L.A. TAN**, for "tanning salon services"; **YOU ONLY LIVE ONCE! LOOK GOOD TODAY ... FEEL GOOD TODAY! GET TANNED AT ... L.A. TAN**, for "tanning salon services"; **L.A. TAN and Design,** for "tanning salon services."

Marks may be confusingly similar in appearance where there are similar terms or phrases or similar parts of terms or phrases appearing in both applicant's and registrant's mark. *See e.g., Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd* 1 USPQ2d 1813 (Fed. Cir. 1987) (COMMCASH and COMMUNICASH); *In re Phillips-Van Heusen Corp.*, 228 USPQ 949 (TTAB 1986) (21 CLUB and "21" CLUB (stylized)); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re Collegian Sportswear Inc.*, 224 USPQ 174 (TTAB 1984) (COLLEGIAN OF CALIFORNIA and COLLEGIENNE); *In re Pellerin Milnor Corp.,* 221 USPQ 558 (TTAB 1983) (MILTRON and MILLTRONICS); *In re BASF A.G.*, 189 USPQ 424 (TTAB 1975) (LUTEXAL and LUTEX); TMEP §§1207.01(b)(ii) and (b)(iii). Here, the applicant's mark is confusingly similar to the literal portion of the registrants' marks because they all encompass the wording LA (L.A.) and TAN.

It is noted that applicant's mark encompasses the wording SUNSET, but the mere addition of a term to a registered mark does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Section 2(d). *In re Chatam International Inc.*, 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) ("GASPAR'S ALE and "JOSE GASPAR GOLD"); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) ("THE LILLY" and "LILLI ANN"); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works,* 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS");

*In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"); TMEP §1207.01(b)(iii).

Further, applicant should note that the addition of the design element does not obviate the similarity between the marks. *In re Shell Oil Company*, 992 F.2d 1204, 26 USPQ2d 1687 (Fed. Cir. 1993); *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975); TMEP §§1207.01(b)(viii) and 1207.01(c)(ii).

Moreover, the applicant's goods and services are identical and/or closely related to the registrants' goods because they are all skin care products and tanning salons.

Thus, in view of the relatedness of the marks, and the goods and services, there is a strong likelihood that consumers would perceive that the goods and services emanate from a common source.

In view of the above circumstances, the examining attorney must resolve any doubt regarding a likelihood of confusion is resolved in favor of the prior registrant. *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); TMEP §§1207.01(d)(i).

Thus, the mark is refused registration on the Principal Register under Section 2(d).

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration. If the applicant chooses to respond to the refusal to register, the applicant must also respond to the below listed informalities.

## *INFORMALITIES*
### 1. POTENTIAL CITATION OF PRIOR-FILED APPLICATIONS:
The examining attorney encloses information regarding pending Application Serial Nos. **76652203 and 76664865**. The filing date of the referenced application precedes the applicant's filing date. There may be a likelihood of confusion between the marks under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d). If the referenced application matures into a registration, the examining attorney may refuse registration in this case under Section 2(d). 37 C.F.R. Section 2.83; TMEP section 1208.01.

### 2. DISCLAIMER REQUIRED
The applicant must disclaim the wording **LA and TAN** in the mark because it is descriptive of the geographical place where the goods and services originate or will be provided (LA), and the nature or field of the goods and services provided (TAN). In support of the disclaimer requirement, the examining attorney provides a definition of the term **LA** as "**L.A.** *abbreviation* **LA** Los Angeles."[1]

The wording **TAN** is defined as
**tan** (tăn) *verb*

**tanned**, **tan·ning**, **tans** *verb*, *transitive*

1.      To convert (hide) into leather, as by treating with tannin.

2.      To make brown by exposure to the sun.

3.      *Informal*. To thrash; beat.

*verb, intransitive*

To become brown or tawny from exposure to sun.

*noun*

1.  *Color.* A light or moderate yellowish brown to brownish orange.

2.  The brown color that sun rays impart to the skin.

3.   Tanbark.

4.   **a.** Tannin. **b.** A solution derived from tannin.

*adjective*

**tan·ner, tan·nest**

1.  *Color.* Light or moderate yellowish-brown to brownish-orange.

2.   Having a suntan.

3.   Used in or relating to tanning. [2]

The Office can require an applicant to disclaim exclusive rights to an unregistrable part of a mark, rather than refuse registration of the entire mark.  Trademark Act Section 6(a), 15 U.S.C. §1056(a).  Under Trademark Act Section 2(e), 15 U.S.C. §1052(e), the Office can refuse registration of the entire mark where it is determined that the entire mark is merely descriptive, deceptively misdescriptive, or primarily geographically descriptive of the goods.  Thus, the Office may require the disclaimer of a portion of a mark which, when used in connection with the goods or services, is merely descriptive, deceptively misdescriptive, primarily geographically descriptive, or otherwise unregistrable (e.g., generic).  TMEP §1213.03(a).  If an applicant does not comply with a disclaimer requirement, the Office may refuse registration of the entire mark.  TMEP §1213.01(b).

A "disclaimer" is thus a written statement that an applicant adds to the application record that states that applicant does not have exclusive rights, separate and apart from the entire mark, to particular wording and/or to a design aspect.  The appearance of the applied-for mark does not change.

A disclaimer does *not* physically remove the disclaimed matter from the mark, but rather is a written statement that applicant does not claim exclusive rights to the disclaimed wording and/or design separate and apart from the mark as shown in the drawing.

The computerized printing format for the Office's *Trademark Official Gazette* requires a standardized format for a disclaimer.  TMEP §1213.08(a)(i).  The following is the standard format used by the Office:

No claim is made to the exclusive right to use "**LA**" and "**TAN**" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

/Darryl M. Spruill/

Trademark Attorney

Law Office 112

(571) 272-9418 (office)

(571) 273-9418 (fax)

darryl.spruill@uspto.gov

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office Action should be filed using the Office's Response to Office action form available at http://www.uspto.gov/teas/eTEASpageD.htm.  If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification.  **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses**.

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

---

[1]*The American Heritage® Dictionary of the English Language, Third Edition* copyright © 1992 by Houghton Mifflin Company. Electronic version licensed from INSO Corporation; further reproduction and distribution restricted in accordance with the Copyright Law of the United States. All rights reserved.

[2]*The American Heritage® Dictionary of the English Language, Third Edition* copyright © 1992 by Houghton Mifflin Company. Electronic version licensed from INSO Corporation; further reproduction and distribution restricted in accordance with the Copyright Law of the United States. All rights reserved.

| | |
|---|---|
| **To:** | Sunset Tan Corporate & Consulting, LLC (lfisher@fisherzucker.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77119964 - LA SUNSET TAN - Sunset Tan |
| **Sent:** | 6/25/2007 9:09:59 AM |
| **Sent As:** | ECOM112@USPTO.GOV |
| **Attachments:** | |

# IMPORTANT NOTICE
## USPTO OFFICE ACTION HAS ISSUED ON          FOR APPLICATION SERIAL NO. 77119964

Please follow the instructions below to continue the prosecution of your application:

**VIEW          OFFICE          ACTION:**          Click          on          this          link
**http://portal.uspto.gov/external/portal/tow?DDA=Y&serial_number=77119964&doc_type=OOA&mail_date=2007062**
(or copy and paste this URL into the address field of your browser), or visit **http://portal.uspto.gov/external/portal/tow**
and enter the application serial number to **access** the Office action.

**PLEASE NOTE**: The Office action may not be immediately available but will be viewable within 24 hours of this notification.

**RESPONSE MAY BE REQUIRED:** You should carefully review the Office action to determine (1) if a response is required; (2) how to respond; and (3) the applicable **response time period**. Your response deadline will be calculated from

Do NOT hit "Reply" to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does **NOT accept e-mailed responses. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System response form at http://www.uspto.gov/teas/eTEASpageD.htm.**

**HELP:** For *technical* assistance in accessing the Office action, please e-mail
**TDR@uspto.gov**. Please contact the assigned examining attorney with questions about the Office action.

# WARNING
## 1. The USPTO will NOT send a separate e-mail with the Office action attached.

## 2. Failure to file any required response by the applicable deadline will result in the ABANDONMENT of your application.

08CV1629   CEM
JUDGE BUCKLO
MAGISTRATE JUDGE ASHMAN

EXHIBIT 6

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| SERIAL NUMBER | 77119964 |
| LAW OFFICE ASSIGNED | LAW OFFICE 112 |
| MARK SECTION (no change) | |
| ARGUMENT(S) | |

RESPONSE TO OFFICE ACTION

In response to the Office Action issued on June 25, 2007, the Applicant responds to the refusal to register as follows:

Registration of the Applicant's mark "LA Sunset Tan" (the "Mark") has been refused on the basis that there is a likelihood of confusion to a mark in U.S. Registration Nos. 1689491, 1692330, 2916609, 2916610, 2939122 and 2965503 (the "Prior Marks"). In testing for a likelihood of confusion under 15 U.S.C. §1052(d), the examining attorney must examine and weigh all relevant factors (the "DuPont factors") set forth in In re E.I. du Pont DeNemours & Co., 476 F.2d 1357 (CCPA 1973). In any likelihood of confusion analysis, the examining attorney must keep in mind that the fundamental inquiry goes to the cumulative effect of differences in the essential characteristics of the goods and marks. Federated Food, Inc. v. Fort Howard Paper Co., 544 F.2d 1098, 1103 (CCPA 1976). The issue is not likelihood of confusion between particular goods, but likelihood of confusion as to the source of those goods. See In re Rexel Inc., 223 USPQ 830, 831 (TTAB 1984).

The DuPont factors are as follows:

(1)    the similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation, and commercial impression;

(2)    the similarity or dissimilarity and nature of the goods or services as described in an application or registration or in connection with which a prior mark is in use;

(3)    the similarity or dissimilarity of established, likely-to-continue trade channels;

(4)    the conditions under which, and buyers to whom, sales are made, that is "impulse" vs. careful, sophisticated purchasing;

(5)    the fame of the prior mark (sales, advertising, length of use);

(6)    the number and nature of similar marks in use on similar goods;

(7)    the nature and extent of any actual confusion;

(8)    the length of time during, and the conditions under which, there has been concurrent use without evidence of actual confusion;

(9)    the variety of goods on which a mark is or is not used (house mark, "family" mark, product mark);

(10)   the market interface between applicant and the owner of a prior mark;

(11)   the extent to which the applicant has a right to exclude others from use of its mark on its goods;

(12)   the extent of potential confusion, that is, whether de minimis or substantial; and

| Input Field | Entered |
|---|---|

(13)   any other established fact probative of the effect of use.

In re E.I. DuPont DeNemours & Co., 476 F.2d 1357 (CCPA 1973).

The first determination under DuPont requires a determination as to the similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression.  476 F.2d at 1361.  The test is not whether the marks can be distinguished when subjected to a side-by-side comparison, but rather whether the marks are sufficiently similar in terms of their overall commercial impression that confusion as to the source of the goods offered under the respective marks is likely to result.  Id.  The focus is on the recollection of the average purchaser, who normally retains a general rather than a specific impression of trademarks.  See In re United State Distributors, Inc., 229 USPQ 237, 239 (TTAB 1984).

When considered in their entireties, the marks are distinctive in appearance and sound.  The Prior Mark merely consists of the words "L.A. Tan" in contrast to the Applicant's Mark "L.A. Sunset Tan".   Indeed, respective trademarks must be considered in their entireties when determining whether a mark when applied to goods and services is likely to cause confusion or deception because of its similarity to another mark. See Lang v. Retirement Living Pub. Co., Inc., 949 F.2d 576 (C.A.N.Y 1991) (where the court held there was no likelihood of consumer confusion when taking into account all factors that potential purchasers will likely perceive and remember for the mark "New Choices Press" and the mark "New Choices for the Best Years", both used for magazines). Looking at the marks in their entireties, it is clear that the Applicant's Mark, which prominently includes the dominant word "Sunset," does not have the same appearance or sound as the Prior Mark.

The examining attorney cites the case In Re Chatam Intern. Inc., 380 F.3d 1340 amongst others for the proposition that merely adding a word does not overcome the likelihood of confusion.  The marks at issue in that case all shared the same ***dominant*** feature, the name "Gaspar's." Chatam International filed an intent-to-use for the name "Jose Gaspar Gold" on its tequila labels.  The examining attorney rejected the application as it was likely to confuse with another trademarked product, "Gaspar's Ale".  The examining attorney noted that the dominant element in each name was the "Gaspar" and rejected both the application and the appeal.  The California Federal Court upheld the rejections and noted that the new entrant merely changed the name of the alcohol, thus it upheld the decision against the newcomer.  380 F.3d at 1342.  In the Mark in question, "Sunset," is the predominant feature and adds an element *significantly* different than the Prior Marks.  Accordingly, the first factor is in the favor of the Applicant.

The Second and Third factors are also in the favor of the Applicant.  While Applicant and LA Tan do conduct business in the same market place, they are both geographically and commercially different operations. In Durox Co. v. Duron Paint Mfg. Co., the court noted that "the trial court was correct in taking into consideration the weak nature of the marks involved, the specific differences in the goods of the parties, the different marketing channels through which the respective goods moved, the difference in customers (whether the goods have common purchasers or not) and the type of persons who purchase the goods (whether sophisticated and knowledgeable)." Durox Co. v. Duron Paint MFG. Co, 320 F.2d 882, 885  (citing Drexel Enterprises, Inc. v. Richardson, 10th Cir., 312 F.2d 525 (1962);  Sears Roebuck & Co. v. Johnson, 3 Cir., 219 F.2d 590 (1955); Miles Shoes, Inc. v. R. H. Macy & Co., Inc., 2 Cir., 199 F.2d 602, 603 (1952); Sears Roebuck & Co. v. Allstates Trailer Rental, Inc., 188 F.Supp. 170 (D.C.Md.1960)).  In this instance, a factual analysis shows that the two companies have different purchasers based on geographical location.  Applicant is primarily a west coast based operation, with five of its six stores being located in the California area and

| Input Field | Entered |
|---|---|

the sixth being located in Nevada. See Appendix A. More importantly, they attempt to offer different products, as Applicant is appealing to a higher income Spa-like market. Its advertising, locations and a television program devoted to it promote it as an "ultra modern sun spa ushering in a new era of world-class, luxury tanning infused with sophisticated aesthetics, state-of-the art equipment, and unparalleled pampering."[1] This difference in product offered sets the two companies apart and is strongly in applicant's favor.

Further, the fourth factor of the DuPont test weighs heavily in favor of the Applicant because given the nature of tanning and skin care facilities, it is likely that consumers will engage in sophisticated and careful purchasing of these services. A consumer exercising a high degree of care in selecting a product reduces the likelihood of confusing similar trade names. Heartsprings, Inc. v. Heartspring, Inc., 143 F.3d 550 (Kan. Ct. App. 1998). In the case at bar, there is an element of selection that goes into choosing a tanning or skin care facility. Moreover, there is often a subscription or longer-term contract than the typical "impulse buy". Therefore, the conditions under which, and the buyers to whom, sales are made are more careful purchases and demonstrate less likelihood of confusion. While the perceptions of the sophisticated purchaser are important, the true test is to the average consumer viewing the two products. Miss World (UK), Ltd. v. Mrs. America Pageants, Inc., 856 F.2d 1445, 1450 (9th Cir. 1988). In this case the variation between the Mark and the Prior Marks due to the variation in the dominant terms, and the differentiation in both services provided and marketing channels of the two products, there is little chance of confusion even for the average customer.

Accordingly, under Dupont, these facts compel the conclusion that there is no likelihood of confusion between the Applicant's Mark and the Prior Mark, and that the registration should issue.

---

[1] Taken from www.insiderpages.com/b/3710845904, orangecounty.citysearch.com/profile/41904841/newport_beach_ca/sunset_tan.html
Websites found from a simple Google Search of the Sunset Tan Brand name.

## SIGNATURE SECTION

| | |
|---|---|
| RESPONSE SIGNATURE | /Lane Fisher/ |
| SIGNATORY'S NAME | Lane Fisher |
| SIGNATORY'S POSITION | Attorney |
| DATE SIGNED | 10/17/2007 |
| AUTHORIZED SIGNATORY | YES |

## FILING INFORMATION SECTION

| | |
|---|---|
| SUBMIT DATE | Wed Oct 17 10:50:10 EDT 2007 |
| TEAS STAMP | USPTO/ROA-74.9.112.14-200<br>71017105010837500-7711996<br>4-40010e699557a47b4e6f802 |

| Input Field | Entered |
|---|---|
| | 1f375925561-N/A-N/A-20071 |
| | 017104404786611 |

## Response to Office Action

**To the Commissioner for Trademarks:**

Application serial no. **77119964** has been amended as follows:

**ARGUMENT(S)**

**In response to the substantive refusal(s), please note the following:**

RESPONSE TO OFFICE ACTION

In response to the Office Action issued on June 25, 2007, the Applicant responds to the refusal to register as follows:

Registration of the Applicant's mark "LA Sunset Tan" (the "Mark") has been refused on the basis that there is a likelihood of confusion to a mark in U.S. Registration Nos. 1689491, 1692330, 2916609, 2916610, 2939122 and 2965503 (the "Prior Marks"). In testing for a likelihood of confusion under 15 U.S.C. §1052(d), the examining attorney must examine and weigh all relevant factors (the "DuPont factors") set forth in In re E.I. du Pont DeNemours & Co., 476 F.2d 1357 (CCPA 1973). In any likelihood of confusion analysis, the examining attorney must keep in mind that the fundamental inquiry goes to the cumulative effect of differences in the essential characteristics of the goods and marks. Federated Food, Inc. v. Fort Howard Paper Co., 544 F.2d 1098, 1103 (CCPA 1976). The issue is not likelihood of confusion between particular goods, but likelihood of confusion as to the source of those goods. See In re Rexel Inc., 223 USPQ 830, 831 (TTAB 1984).

The DuPont factors are as follows:

(1)  the similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation, and commercial impression;

(2)  the similarity or dissimilarity and nature of the goods or services as described in an application or registration or in connection with which a prior mark is in use;

(3)  the similarity or dissimilarity of established, likely-to-continue trade channels;

(4)  the conditions under which, and buyers to whom, sales are made, that is "impulse" vs. careful, sophisticated purchasing;

(5)  the fame of the prior mark (sales, advertising, length of use);

(6)  the number and nature of similar marks in use on similar goods;

(7)  the nature and extent of any actual confusion;

(8)  the length of time during, and the conditions under which, there has been concurrent use without evidence of actual confusion;

(9)  the variety of goods on which a mark is or is not used (house mark, "family" mark, product mark);

(10)  the market interface between applicant and the owner of a prior mark;

(11)  the extent to which the applicant has a right to exclude others from use of its mark on its goods;

(12)  the extent of potential confusion, that is, whether de minimis or substantial; and

(13)  any other established fact probative of the effect of use.

In re E.I. DuPont DeNemours & Co., 476 F.2d 1357 (CCPA 1973).


The first determination under DuPont requires a determination as to the similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression.  476 F.2d at 1361.  The test is not whether the marks can be distinguished when subjected to a side-by-side comparison, but rather whether the marks are sufficiently similar in terms of their overall commercial impression that confusion as to the source of the goods offered under the respective marks is likely to result.  Id.  The focus is on the recollection of the average purchaser, who normally retains a general rather than a specific impression of trademarks.  See In re United State Distributors, Inc., 229 USPQ 237, 239 (TTAB 1984).

When considered in their entireties, the marks are distinctive in appearance and sound.  The Prior Mark merely consists of the words "L.A. Tan" in contrast to the Applicant's Mark "L.A. Sunset Tan".  Indeed, respective trademarks must be considered in their entireties when determining whether a mark when applied to goods and services is likely to cause confusion or deception because of its similarity to another mark.  See Lang v. Retirement Living Pub. Co., Inc., 949 F.2d 576 (C.A.N.Y 1991) (where the court held there was no likelihood of consumer confusion when taking into account all factors that potential purchasers will likely perceive and remember for the mark "New Choices Press" and the mark "New Choices for the Best Years", both used for magazines).  Looking at the marks in their entireties, it is clear that the Applicant's Mark, which prominently includes the dominant word "Sunset," does not have the same appearance or sound as the Prior Mark.

The examining attorney cites the case In Re Chatam Intern. Inc., 380 F.3d 1340 amongst others for the proposition that merely adding a word does not overcome the likelihood of confusion.  The marks at issue in that case all shared the same *dominant* feature, the name "Gaspar's."  Chatam International filed an intent-to-use for the name "Jose Gaspar Gold" on its tequila labels.  The examining attorney rejected the application as it was likely to confuse with another trademarked product, "Gaspar's Ale".  The examining attorney noted that the dominant element in each name was the "Gaspar" and rejected both the application and the appeal.  The California Federal Court upheld the rejections and noted that the new entrant merely changed the name of the alcohol, thus it upheld the decision against the newcomer.  380 F.3d at 1342.  In the Mark in question, "Sunset," is the predominant feature and adds an element *significantly* different than the Prior Marks.  Accordingly, the first factor is in the favor of the Applicant.

The Second and Third factors are also in the favor of the Applicant.  While Applicant and LA Tan do conduct business in the same market place, they are both geographically and commercially different operations.  In Durox Co. v. Duron Paint Mfg. Co., the court noted that "the trial court was correct in taking into consideration the weak nature of the marks involved, the specific differences in the goods of the parties, the different marketing channels through which the respective goods moved, the difference in customers (whether the goods have common purchasers or not) and the type of persons who purchase the goods (whether sophisticated and knowledgeable)."  Durox Co. v. Duron Paint MFG. Co, 320 F.2d 882, 885 (citing Drexel Enterprises, Inc. v. Richardson, 10th Cir., 312 F.2d 525 (1962);  Sears Roebuck & Co. v. Johnson, 3 Cir., 219 F.2d 590 (1955);  Miles

Shoes, Inc. v. R. H. Macy & Co., Inc., 2 Cir., 199 F.2d 602, 603 (1952); Sears Roebuck & Co. v. Allstates Trailer Rental, Inc., 188 F.Supp. 170 (D.C.Md.1960)). In this instance, a factual analysis shows that the two companies have different purchasers based on geographical location. Applicant is primarily a west coast based operation, with five of its six stores being located in the California area and the sixth being located in Nevada. See Appendix A. More importantly, they attempt to offer different products, as Applicant is appealing to a higher income Spa-like market. Its advertising, locations and a television program devoted to it promote it as an "ultra modern sun spa ushering in a new era of world-class, luxury tanning infused with sophisticated aesthetics, state-of-the art equipment, and unparalleled pampering."[1] This difference in product offered sets the two companies apart and is strongly in applicant's favor.

Further, the fourth factor of the DuPont test weighs heavily in favor of the Applicant because given the nature of tanning and skin care facilities, it is likely that consumers will engage in sophisticated and careful purchasing of these services. A consumer exercising a high degree of care in selecting a product reduces the likelihood of confusing similar trade names. Heartsprings, Inc. v. Heartspring, Inc., 143 F.3d 550 (Kan. Ct. App. 1998). In the case at bar, there is an element of selection that goes into choosing a tanning or skin care facility. Moreover, there is often a subscription or longer-term contract than the typical "impulse buy". Therefore, the conditions under which, and the buyers to whom, sales are made are more careful purchases and demonstrate less likelihood of confusion. While the perceptions of the sophisticated purchaser are important, the true test is to the average consumer viewing the two products. Miss World (UK), Ltd. v. Mrs. America Pageants, Inc., 856 F.2d 1445, 1450 (9th Cir. 1988). In this case the variation between the Mark and the Prior Marks due to the variation in the dominant terms, and the differentiation in both services provided and marketing channels of the two products, there is little chance of confusion even for the average customer.

Accordingly, under Dupont, these facts compel the conclusion that there is no likelihood of confusion between the Applicant's Mark and the Prior Mark, and that the registration should issue.

---

[1] Taken from www.insiderpages.com/b/3710845904, orangecounty.citysearch.com/profile/41904841/newport_beach_ca/sunset_tan.html
Websites found from a simple Google Search of the Sunset Tan Brand name.

**SIGNATURE(S)**

**Response Signature**

Signature: /Lane Fisher/    Date: 10/17/2007

Signatory's Name: Lane Fisher

Signatory's Position: Attorney

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the applicant's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the applicant in this matter: (1) the applicant has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the applicant has filed a power of attorney appointing him/her in this matter; or (4) the applicant's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.

Serial Number: 77119964

Internet Transmission Date: Wed Oct 17 10:50:10 EDT 2007

TEAS Stamp: USPTO/ROA-74.9.112.14-200710171050108375

00-77119964-40010e699557a47b4e6f8021f375

925561-N/A-N/A-20071017104404786611

08CV1629   CEM
JUDGE BUCKLO
MAGISTRATE JUDGE ASHMAN

EXHIBIT 7

| | |
|---|---|
| **To:** | Sunset Tan Corporate & Consulting, LLC (lfisher@fisherzucker.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77119964 - LA SUNSET TAN - Sunset Tan |
| **Sent:** | 11/12/2007 9:26:01 PM |
| **Sent As:** | ECOM112@USPTO.GOV |
| **Attachments:** | |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:    77/119964

**MARK**: LA SUNSET TAN

# *77119964*

**CORRESPONDENT ADDRESS**:
Lane Fisher
21 S. 21st Street
Philadelphia PA 19103

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**

**APPLICANT**:    Sunset Tan Corporate & Consulting, LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO**:
Sunset Tan
**CORRESPONDENT E-MAIL ADDRESS**:
lfisher@fisherzucker.com

This letter responds to the applicant's communication filed on October 17, 2007.

## *Status of Application*

The examining attorney issued a refusal for registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the mark for which registration is sought so resembles the mark shown in U.S. Registration Nos. **1689491, 1692330, 2916609, 2916610, 2939122 and 2965503**. Also, registration was refused because of procedural informalities concerning the citation of prior pending applications, and a disclaimer.

The citation of prior pending Application No. **76664865** is withdrawn because the application has been abandoned. Examining attorney has considered the applicant's arguments carefully as to the citation of the registered marks and prior pending application, and found them unpersuasive. For the reasons below, the refusal for registration is maintained and continued.

## *Status of Application*

The examining attorney issued a refusal for registration because of procedural informality concerning the citation of a prior-pending application **78807780,** the identification and classification of goods, and inquiry as to whether the proposed

mark is the name of a living individual.

Examining attorney has considered the applicant's arguments carefully, and found them unpersuasive. For the reasons below, the citation of the registered marks under §2d is maintained and continued.

## NOTICE OF SUSPENSION

**ISSUE/MAILING DATE**:

**SUSPENSION PROCEDURE**: This suspension notice serves to suspend action on the application for the reason(s) specified below. No response is needed. 37.C.F.R.§2.67. The Office will conduct periodic status checks to determine if suspension remains appropriate.
Action on this application is suspended pending the disposition of:

   - Application Serial No(s). **76652203**

Since applicant's effective filing date is subsequent to the effective filing date of the above-identified application(s), the latter, if and when it registers, may be cited against this application in a refusal to register under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d). See 37 C.F.R. §2.83; TMEP §§1208 et seq. A copy of information relevant to this pending application(s) **was sent previously.**

Applicant may submit a request to remove the application from suspension to present arguments related to the potential conflict between the relevant application(s) or other arguments related to the ground for suspension. TMEP §716.03. Applicant's election not to present arguments during suspension will not affect the applicant's right to present arguments later should a refusal in fact issue. If a refusal does issue, applicant will be afforded 6 months from the mailing or e-mailing date of the Office action to submit a response. 15 U.S.C. §1062(b); 37 C.F.R. §2.62.

## LIKELIHOOD OF CONFUSION REFUSAL

Section 2(d) of the Trademark Act bars registration where a mark so resembles a registered mark that it is likely, when applied to the services, to cause confusion, or to cause mistake or to deceive. TMEP section 1207.01. The Court in *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973), listed the principal factors to consider in determining whether there is a likelihood of confusion. Among these factors are the similarity of the marks as to appearance, sound, meaning and commercial impression and the similarity of the goods. The overriding concern is to prevent buyer confusion as to the source of the goods. *Miss Universe, Inc. v. Miss Teen U.S.A., Inc.*, 209 USPQ 698 (N.D. Ga. 1980). Therefore, any doubt as to the existence of a likelihood of confusion must be resolved in favor of the registrant. *Lone Star Mfg. Co. v. Bill Beasley, Inc.,* 498 F.2d 906, 182 USPQ 368 (CCPA 1974).

## *COMPARISION OF THE MARKS*

The applicant's mark is **LA SUNSET TAN.** The registrants' mark encompasses the wording **LA TAN (some marks encompass additional wording and design elements).**

Applicant argues that a likelihood of confusion does not exist because the marks have a different commercial impression.

The determination as to whether a likelihood of confusion exists must be considered in terms of the "effect in the marketplace." The issue is not whether a likelihood of confusion exists between particular goods and/or services, but rather whether a likelihood of confusion exists as to the source of those goods and/or services. *See In re Rexel Inc.*, 223 USPQ 830, 831, (TTAB 1984), and cases cited therein; TMEP section 1207.01. For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *Recot, Inc. v. M.C. Becton*, 214 F.2d 1322, 54 USPQ2d 1894, 1890 (Fed. Cir. 2000); *Visual Information Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b).

A likelihood of confusion exists as to the source of the goods and services because when applicant's mark is compared to a registered mark, "the points of similarity are of greater importance than the points of difference." *Esso Standard Oil Co. v. Sun Oil Co.*, 229 F.2d 37, 40, 108 USPQ 161 (D.C. Cir. 1956) (internal citation omitted). Here, the parties' marks are confusingly similar because applicant's mark encompasses the entire literal portion or dominant portion of registrants' marks, LA TAN.

It should be noted that marks may be confusingly similar in appearance where there are similar terms or phrases or similar parts of terms or phrases appearing in both applicant's and registrant's mark. *See e.g., Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd* 1 USPQ2d 1813 (Fed. Cir. 1987) (COMMCASH and COMMUNICASH); *In re Phillips-Van Heusen Corp.*, 228 USPQ 949 (TTAB 1986) (21 CLUB and "21" CLUB (stylized)); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re Collegian Sportswear Inc.*, 224 USPQ 174 (TTAB 1984) (COLLEGIAN OF CALIFORNIA and COLLEGIENNE); *In re Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983) (MILTRON and MILLTRONICS); *In re BASF A.G.*, 189 USPQ 424 (TTAB 1975) (LUTEXAL and LUTEX); TMEP §§1207.01(b)(ii) and (b)(iii).

Applicant makes reference to specific exhibits, but none were attached to its response. Thus, applicant's mark could likely be confused as emanating from the same source as the registered and prior-pending applicant's mark.

## *COMPARISION OF THE GOODS AND SERVICES*

Applicant's goods and services are "Skin lotions; Sun care lotions; Sun tan lotion"; "tanning salons." Registrants' goods and services are "skin care preparations; namely, sun tan lotions, gels, and oils; sun tan accelerator lotions and gels; sun blockers; sunless tan lotions, and moisturizers"; **and** "tanning salon services."

Applicant argues that a likelihood of confusion does not exist between the parties' goods because (1) they have different channels of trade; and (2) there is a level of sophistication as to the selection of the goods and services.

Examining attorney disagrees with applicant and maintains that a likelihood of confusion exists as to the source of the goods and services. Likelihood of confusion is determined on the basis of the goods or services as they are identified in the application and the registration. *Hewlett-Packard Co. v. Packard Press Inc.,* 281 F.3d 1261, 62 USPQ2d 1001 (Fed. Cir. 2002); *In re Shell Oil Co.,* 992 F.2d 1204, 26 USPQ2d 1687, 1690 n.4 (Fed. Cir. 1993); *J & J Snack Foods Corp. v. McDonald's Corp.,* 932 F.2d 1460, 18 USPQ2d 1889 (Fed. Cir. 1991); *Octocom Systems Inc. v. Houston Computer Services Inc.,* 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990). Since the identification of the registrant's goods and/or services is very broad, it is presumed that the registration encompasses all goods and/or services of the type described, including those in the applicant's more specific identification, that they move in all normal channels of trade and that they are available to all potential customers. *In re Elbaum,* 211 USPQ 639, 640 (TTAB 1981); *In re Optica International,* 196 USPQ 775 (TTAB 1977); TMEP §1207.01(a)(iii). Here, applicant's goods and services are identical and/or closely related to the registrants' goods and services because they are all sun tan preparations and tanning salon services. Also, neither the applicant nor the registrant has limited the identification of goods and services or the particular user of the goods and services. Thus, users of both goods and services would presume that the emanate from the same or similar source.

Also, the goods and services of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing are such that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods and/or services come from a common source. *In re Martin's Famous Pastry Shoppe, Inc.,* 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Melville Corp.,* 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Corning Glass Works,* 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.,* 223 USPQ 830 (TTAB 1984); *Guardian Prods. Co., Inc. v. Scott Paper Co.,* 200 USPQ 738 (TTAB 1978); *In re Int'l Tel. & Tel. Corp.,* 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

Further, the fact that purchasers are sophisticated or knowledgeable in a particular field does not necessarily mean that they are sophisticated or knowledgeable in the field of trademarks or immune from source confusion. *See In re Decombe,* 9 USPQ2d 1812 (TTAB 1988); *In re Pellerin Milnor Corp.,* 221 USPQ 558 (TTAB 1983); TMEP §1207.01(d)(vii). Where the relevant consumer is comprised of both professionals and the general public, the standard of care when purchasing the goods is equal to that of the least sophisticated purchaser in the class. *Alfacell Corp. v. Anticancer Inc.,* 71 USPQ2d 1301, 1304 (TTAB 2004) (as stated in *KOS Pharmaceuticals Inc., v. Andrx Corp.,* 369 F.3d 700, 70 USPQ2d 1874 (3d Cir. 2004), and citing *Checkpoint Sys., Inc., v. Check Point Software Techs., Inc.,* 269 F.3d 270, 285, 60 USPQ2d 1609, 1617-1618 (3d Cir. 2001)).

In view of the above, the refusal for registration is deemed to have been proper.

### *REQUIREMENT*
#### DISCLAIMER REQUIRED
The applicant must disclaim the wording **LA and TAN** in the mark because it is descriptive of the geographical place where the goods and services originate or will be provided (LA), and the nature or field of the goods and services provided (TAN). In support of the disclaimer requirement, the examining attorney provides a definition of the term LA as "L.A. *abbreviation* **LA** Los Angeles."[1]

The wording **TAN** is defined as
**tan** (tăn) *verb*

**tanned**, **tan·ning**, **tans** *verb*, *transitive*

1.    To convert (hide) into leather, as by treating with tannin.

2.    To make brown by exposure to the sun.

3.    *Informal*. To thrash; beat.

*verb*, *intransitive*

To become brown or tawny from exposure to sun.

*noun*

1.    *Color*. A light or moderate yellowish brown to brownish orange.

2.    The brown color that sun rays impart to the skin.

3.    Tanbark.

4.    **a.** Tannin. **b.** A solution derived from tannin.

*adjective*

**tan·ner**, **tan·nest**

1.    *Color*. Light or moderate yellowish-brown to brownish-orange.

2.    Having a suntan.

3.    Used in or relating to tanning. [2]

The Office can require an applicant to disclaim exclusive rights to an unregistrable part of a mark, rather than refuse registration of the entire mark. Trademark Act Section 6(a), 15 U.S.C. §1056(a). Under Trademark Act Section 2(e), 15 U.S.C. §1052(e), the Office can refuse registration of the entire mark where it is determined that the entire mark is merely descriptive, deceptively misdescriptive, or primarily geographically descriptive of the goods. Thus, the Office may require the disclaimer of a portion of a mark which, when used in connection with the goods or services, is merely descriptive, deceptively misdescriptive, primarily geographically descriptive, or otherwise unregistrable (e.g., generic). TMEP §1213.03(a). If an applicant does not comply with a disclaimer requirement, the Office may refuse registration of the entire mark. TMEP §1213.01(b).

A "disclaimer" is thus a written statement that an applicant adds to the application record that states that applicant does not have exclusive rights, separate and apart from the entire mark, to particular wording and/or to a design aspect. The appearance of the applied-for mark does not change.

A disclaimer does *not* physically remove the disclaimed matter from the mark, but rather is a written statement that applicant does not claim exclusive rights to the disclaimed wording and/or design separate and apart from the mark as shown in the drawing.

The computerized printing format for the Office's *Trademark Official Gazette* requires a standardized format for a disclaimer. TMEP §1213.08(a)(i). The following is the standard format used by the Office:

No claim is made to the exclusive right to use "**LA**" and "**TAN**" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

/Darryl M. Spruill/

Trademark Attorney

Law Office 112

(571) 272-9418 (office)

(571) 273-9418 (fax)

darryl.spruill@uspto.gov

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your

application has not changed for more than six months, please contact the assigned examining attorney.

---

[1] *The American Heritage® Dictionary of the English Language, Third Edition* copyright © 1992 by Houghton Mifflin Company. Electronic version licensed from INSO Corporation; further reproduction and distribution restricted in accordance with the Copyright Law of the United States. All rights reserved.

[2] *The American Heritage® Dictionary of the English Language, Third Edition* copyright © 1992 by Houghton Mifflin Company. Electronic version licensed from INSO Corporation; further reproduction and distribution restricted in accordance with the Copyright Law of the United States. All rights reserved.

| | |
|---|---|
| **To:** | Sunset Tan Corporate & Consulting, LLC (lfisher@fisherzucker.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77119964 - LA SUNSET TAN - Sunset Tan |
| **Sent:** | 11/12/2007 9:26:03 PM |
| **Sent As:** | ECOM112@USPTO.GOV |
| **Attachments:** | |

# IMPORTANT NOTICE
## USPTO OFFICE ACTION HAS ISSUED ON            FOR APPLICATION SERIAL NO. 77119964

Please follow the instructions below to continue the prosecution of your application:

**VIEW         OFFICE         ACTION:**         Click         on         this         link
**http://portal.uspto.gov/external/portal/tow?DDA=Y&serial_number=77119964&doc_type=SUL&mail_date=20071112**
(or copy and paste this URL into the address field of your browser), or visit **http://portal.uspto.gov/external/portal/tow**
and enter the application serial number to **access** the Office action.

**PLEASE NOTE**: The Office action may not be immediately available but will be viewable within 24 hours of this notification.

**RESPONSE MAY BE REQUIRED:** You should carefully review the Office action to determine (1) if a response is required; (2) how to respond; and (3) the applicable **response time period**. Your response deadline will be calculated from

**Do NOT hit "Reply"** to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does **NOT accept e-mailed responses. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System response form at http://www.uspto.gov/teas/eTEASpageD.htm.**

**HELP:** For *technical* assistance in accessing the Office action, please e-mail
**TDR@uspto.gov**. Please contact the assigned examining attorney with questions about the Office action.

# WARNING
## 1. The USPTO will NOT send a separate e-mail with the Office action attached.

## 2. Failure to file any required response by the applicable deadline will result in the ABANDONMENT of your application.